

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,755-01

### EX PARTE DAVID RAY BRATCHER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17-11167-W1 IN THE 278TH DISTRICT COURT
### FROM MADISON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to forty years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Bratcher v. State*, No. 10-08-00107-CR (Tex. App.—Waco Dec. 9, 2009).

Applicant states that appellate counsel represented him regarding his petition for discretionary review. Applicant contends that appellate counsel rendered ineffective assistance because counsel never told him that the petition for discretionary review was dismissed as untimely filed and that counsel deprived him of his right to seek discretionary review. *See Ex parte Wilson*,

956 S.W.2d 25, 26-27 (Tex. Crim. App. 1997). .

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel deprived Applicant of the opportunity to seek discretionary review. The trial court shall also make findings regarding laches. *Ex Parte Perez*, 398 S.W.3d 206, 215 (Tex. Crim. App. 2013).The trial court may also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 20, 2017
Do not publish